LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408) 295-5595

Facsimile: (408) 295-9852

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re

ROBERT W. PAYNE
EILEEN P. TREMAIN

Debtors

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 16-50543-HLB

Chapter 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION**

Date: March 7, 2018
Time: 11:00 a.m.
Location: United States Bankruptcy Court
1000 South Main, Room 214
Salinas, CA 93901
Judge Hon H. L. BLUMENSTIEL

Debtors acknowledge and appreciate the time and thoughtful analysis applied by the Court in this matter. However, an error of law and various considerations to avoid a manifest injustice compel them to file the motion for reconsideration of the ruling.

The Court's decision regarding Creditors' Objections is premised essentially on three determinations: (1) Debtors lacked good faith in "asserting" that no debts of the former partnership remained to be paid; (2) Debtors lacked good faith in pointing to the $65,000 profit

No. 16-50543-HLB
MOTION FOR RECONSIDERATION

Case: 16-50543   Doc# 106-1   Filed: 01/12/18   Entered: 01/12/18 16:09:29   Page 1 of 9

and the $102,000 proceeds of sale payable to the former partnership and retained by Mr. LaRiviere, an insider, because Debtor was aware that <u>another creditor</u>, Rabobank had a claim of approximately $300,000; and (3) Debtors "failed to inquire" in bad faith of the Bank or Mr. LaRiviere regarding debts or payments made from the building proceeds. In each case the Court failed to account for material pieces of evidence. While Debtors do not ask the Court to reweigh the evidence it already considered, manifest injustice will only be avoided if these other, material facts and matters of law are appropriately taken into account.

**ARGUMENT**

## I.      LEGAL STANDARDS FOR MOTIONS FOR RECONSIDERATION

Motions for reconsideration of claims objections in bankruptcy court are authorized pursuant to 11 U.S.C. §502(j), Federal Rule of Bankruptcy Procedure ("FRBP") 3008, and Federal Rules of Bankruptcy Procedure 9023 and 9024, as they incorporate Federal Rule of Civil Procedure ("FRCP") 59(e) and 60, respectively.   When a motion is filed pursuant to FRBP 3008 within the 14 day period to appeal the original order allowing or disallowing the claim, the "motion is analogous to a motion for a new trial or to alter and amend the judgment pursuant to FRCP 59 as incorporated by Rule 9023."  *United Student Funds, Inc. v. Wylie (In re Wylie),* 349 B.R. 204, 209 (9th Cir. BAP 2006).

The Ninth Circuit has held that there are three circumstances to justify reconsideration under FRCP 59, namely if the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration is also proper to prevent manifest injustice, such as where a party has been misunderstood.  *See Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir.

Case: 16-50543   Doc# 106-1   Filed: 01/12/18   Entered: 01/12/18 16:09:29   Page 2 of 9

2003)(" Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice"); *see also Villanueva v. U.S.,* 662 F.3d 124, 128 (1st Cir. 2011)("Reconsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension."); *see also Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570 (7th Cir. 2006).

11 U.S.C. § 502(j) reconsideration of an allowance or disallowance of a claim should be considered "according to the equities of the case." 11 U.S.C. § 502(j); *Ashford v. Consol. Pioneer Mortgage (In re Consol. Pioneer Mortgage),*178 B.R. 222, 225–27 (9th Cir.BAP1995); *In re Barker*, 306 B.R. 339 (Bankr. E.D. Cal. 2004).   As courts of equity, bankruptcy courts have the inherent ability to reconsider prior rulings to reach the result that justice and equity require, even if such remedy is not available at law, to prevent manifest injustice.

Finally, a decision of the bankruptcy court should be reconsidered "when facts that would alter or impact the decision have been overlooked or misapprehended."  *In re Tribune Co.,* 464 B.R. 208, 2013 (Dist. Delaware 2011).  When a bankruptcy court does not allow new facts in a motion for reconsideration, courts of appeal have been inclined to remand to have the bankruptcy court consider the new facts.  *In re YBA Nineteen, LLC*, 2013 WL 3288894 (Dist. S.D. Cal. 2013).

## II.   THE COURT'S RULING WAS ERRONEOUSLY BASED ON APPROVAL OF INSIDER RETENTION OF ASSETS, BEFORE PAYMENT TO OUTSIDE CREDITORS

In holding bad faith by Debtors, the Court implicitly approved and in part based its reasoning upon allowing insider retention of partnership assets while outside creditors remained to be paid.  Rabobank has not fully been paid.  It has an unsecured claim of under $300,000.

This is a partnership debt (except for the amount the LaRiviere Group admits paying for its own benefit). Yet, the Court's reasoning on use of the $65,000 "profits" and $102,000 building proceeds finds Debtors to be in bad faith in supposing that the LaRiviere Group would follow the law. It was an error of law to base the Court's ruling in part on the theory that the LaRiviere Group could retain all such funds. See Cal. Corp. Code § 16957(a) and other arguments in trial brief. The Court did not address this issue.

For this reason, in addition to those set out below, Debtors move for reconsideration of the Court's order and affirmation of Debtor's good faith in its filing of the petition, either at this time or after a further hearing on its objections to the LaRiviere Group's proof of claims.

**III. EVIDENCE SUBMITTED BUT NOT FULLY ADDRESSED DEMONSTRATED GOOD FAITH**

    A.    DEBTORS ACTED IN GOOD FAITH IN NAMING THE LaRIVIERE GROUP IN ITS PETITION BUT NOT LISTING ANY CLAIMS

    1. <u>Debtors did not claim there were no unpaid debts of LaRiviere, Grubman & Payne</u>. Contrary to evidence addressed by the Court, the evidence and briefing showed that Debtors acknowledged there would be unpaid debts if available funds weren't used. However, they pointed out three funds that they reasonably believed would have been used – the remaining line of credit, the retained profits by Mr. LaRiviere and the building proceeds. (Tr. Br. p. 4.) Debtors' acknowledged expenses that were outstanding <u>prior</u> to the building sale: "Third, the handful of known, legitimate, unpaid obligations (e.g., credit card balance,) would easily be covered from building proceeds (and, it turns out, residual profits)." (Tr. Br. p. 5.) It was not LGP's ordinary revenues which "should have been enough" to meet debts; the Court did not address whether LGP's building proceeds, retained profits, use of the Rabobank credit line, as well as collections, reasonably led Debtors to believe there was no remaining debt.

Case: 16-50543   Doc# 106-1   Filed: 01/12/18   Entered: 01/12/18 16:09:29   Page 4 of 9

To prevent manifest injustice in this proceeding, therefore, Debtors ask the Court to reconsider its view on Debtors making false claims.

2. <u>The LaRiviere Group's bad faith retention of credit funds, proceeds and earnings</u>. The Court did not address Mr. LaRiviere's admitted taking of Rabobank line of credit funds for his own use. This is relevant to Debtors' good faith and reasonable expectation that Rabobank would not assert claims against Debtors for money used by the LaRiviere Group for itself. In fact, the Rabobank claim in this bankruptcy has Debtors obligated to pay for Mr. LaRiviere's private uses.

Second, while it spoke of Exhibit 31 addressing the retention of $65,000 in profits as Mr. LaRiviere's right to pay himself before other creditors, the Court did not address Debtors' good faith and reasonable belief that any such proceeds would first be paid to outside creditors, rather than insider LaRiviere. (Op. p. 15.) It is thus not true – as shown in Exhibit 31 – that "[all] collections went to pay LGP's debts." (Op. p. 5.) Reliance on an accountant's characterization of what the funds represented does not preempt a bankruptcy court's view of insider and fiduciary duties. Here, it cannot overshadow the Debtors' reasonable expectations regarding use of partnership funds for partnership debts, before an ex-partner pays himself anything, for any purpose.

Third, regarding the LaRiviere Group's retention of all proceeds from the sale of the building, the Court noted that this was irrelevant "given that Mr. LaRiviere was making payments on the guaranteed obligation to Rabobank." Debtors ask the Court to recall that the payments on Rabobank – and the LaRiviere Group's claims on them – were already taken into account in two ways. Rabobank made a claim for the remaining debt; the LaRiviere Group should not be able to double up. Further, reimbursing itself for payments the Group made before

all partnership debts were paid off (e.g., the credit card and Rabobank itself) is completely inappropriate, as noted above.

To prevent manifest injustice in this proceeding, therefore, Debtors ask the Court to reconsider its view on Debtors good faith belief that LGP proceeds and assets would have covered anticipated debts.

       3. <u>The LaRiviere Group's bad faith claims pervade its Proofs of Claims</u>.  Debtors recognize that the Court's decision focused on Debtor's good faith listing of claims.  However, the LaRiviere Group's outrageous overclaiming should be taken into account, in viewing <u>Debtors'</u> good faith.  These issues were not addressed.  As noted in <u>*Scovis v. Henrichsen (In re Scovis)*</u>, 249 F.3d 975, 980 (9th Cir. 2001), if a bad-faith objection has been brought by a party in interest, "'a bankruptcy court should look past the schedules to other evidence submitted,'" so long as the debt computation for eligibility is determined as of the petition date.  *Scovis*, 249 F.3d at 981 (quoting *Quintana v. IRS (In re Quintana)*, 107 B.R. 234, 239 n.6 (9th Cir. BAP 1989) (citation omitted), *aff'd*, 915 F.2d 513 (9th Cir. 1990)).  Further, a "dispute may render a debt unliquidated if it prevents the ready determination of a claim …It is the nature of the dispute, and not the existence of the dispute, that makes a claim unliquidated."  *In re Nicholes,* 182 B.R. 82, 90 (9th Cir. 1995).

To take three clear examples, leaving the rest for another hearing:

(a) The proofs claimed $212,000 on <u>unpaid amounts</u> on the Rabobank line of credit (Claim 13), but Rabobank, which had a superior, direct claim, filed a claim for approximately $300,000.  The two, duplicative claims amount to over a half million dollars but only one claim of the current balance, owed to Rabobank, in reality exists.  The LaRiviere Group cannot make an overlapping claim on the Rabobank debt, at least that counts toward any Chapter 13 limits.

Case: 16-50543   Doc# 106-1   Filed: 01/12/18   Entered: 01/12/18 16:09:29   Page 6 of 9

(b) The LaRiviere Group makes no effort to reduce their claims by at least half, owing to Mr. LaRiviere's 55% interest in each of these debts he is pursuing.

(c) The LaRiviere Group proofs of claim contain several <u>admitted</u> false claims. They claimed $215,000, for example for "rent" that was never paid, was supposedly owed to a non-party (J.C.L.P.) and was fully excused and not owing. (Tr. Br. p. 8 and Trial Exhibit J; Trial Exhibit C).

The Bankruptcy Court sits as a court of equity, in weighing good faith and manifest injustice. Surely in reviewing the issue of Debtors' efforts to comply realistically with outstanding and real claims it should take into account that a party seeking equity has obligations to "do" equity.

4. <u>Good faith is supported by listing the LaRiviere Group for notice of the contents of the petition</u>. In several places in the Petition, the LaRiviere group was listed for notice. LaRiviere, Grubman P.C., for example, was set out as an entity to be notified about the Rabobank claim (Petition, Doc #1, p. 28; ref. to line 4.10). David LaRiviere is listed as a co-debtor with reference to that claim (Petition, Doc #1, p.30, ref. to line 4.10). The creditor mailing matrix includes LaRiviere, Grubman P.C. While doing so does not in itself establish good faith, doing so ensured the creditors would get prompt notice to protect their rights and thus supports a finding of good faith filing, in connection with all other items listed here. The Court did not address this issue in its decision.

As for the Court's reasoning on "the guaranty," there was nothing in the proofs of claim about guaranty payments. The uncontradicted evidence is that the payments made by the LaRiviere Group were to a third party – JCLP, to whom there is <u>no evidence</u> that a guaranty was owed. The payments were not on a guaranty; they were as shown by all documents in the case,

for "rent." The claim in the proofs of claim was for "rent," and the Group admitted no relevant rent obligation existed.

B. TAKING INTO CONSIDERATION DEBTORS' GOOD FAITH FILING OF ITS PLAN AND LISTING OF ASSETS AND EXPENSES, THE COURT SHOULD RECONSIDER ITS RULING ON GOOD FAITH FILING OF THE PETITION.

The Court found that Debtors acted in good faith in the filings of its plan and income/expenses. It has discretion to consider those other actions in determining good faith in the filing of the Petition. *See, e.g., In re Lancaster,* 280 B.R. 468, 474 (Bankr.W.D.Mo.2002) ("The difference between good faith in filing a case and good faith in proposing a plan is relatively minor, and the evidence on both issues may properly be considered together); *Eisen v. Curry* (14 F.3d 469 (9th Cir. 1994) (linking good faith in Chapter 13 between petition and payment plan). The Court did not address this issue.

## IV. THE DUTY TO INVESTIGATE WAS IN FACT SATISFIED

The Debtors did not turn a blind eye to the LaRiviere Group claims. While it was not introduced into evidence – and creditors' trial brief did not challenge Debtors on inquiring of its claims – in fact Debtors repeatedly inquired about the disposition of the building proceeds prior to the filing of the Petition and were ignored. Copies of these communications are attached to a brief Declaration of Robert Payne.

Debtors did not try to hide anything. They ensured that the LaRiviere Group would have full notice and participation. They asked for information on the building sale, the key to further discussion. Asking for the claims by the LaRiviere Group must be viewed in the context of the disingenuous claims the Group ultimately made.

No. 16-50543-HLB
MOTION FOR RECONSIDERATION

Debtors ask the Court to reconsider its ruling on investigation, in light of its good faith throughout the rest of the proceedings and in view of potential future proceedings which may bear these facts out as may be necessary.

## V. THE COURT HAS DISCRETION TO FIND GOOD FAITH WITHOUT A LISTING

Even though the Court found that Debtors should have inquired further and listed claims of some sort for the LaRiviere Group, it has inherent discretion to find Debtors' actions, if a bit misguided, were in substantially good faith, taking into account the totality of circumstances. See, e.g., *Cusano v. Klein,* 264 F.3d 936 (9th Cir. 2001) (listing of "songrights" as "unknown" is adequate). "There are assets, however, the value of which is unknown; when that is the case, 'a simple statement to that effect' will suffice." *In re Wenande,* 107 B.R. at 772. While no claim was listed here, the interested parties were, and their eventual claims were transparently overblown but known well to themselves.

## SUMMARY AND CONCLUSIONS

For the above reasons, Debtors respectfully request the Court grant this Motion for Reconsideration and either (a) find that Debtors filed in good faith, (b) alter its findings sufficient to avoid a finding of bad faith, or (c) withdraw or withhold its previous ruling, pending further proceedings in this case.

Respectfully submitted,

Dated: January 12, 2018          THE FULLER LAW FIRM, PC


By /s/ Sam Taherian_____
Sam Taherian
Attorneys for Debtors

No. 16-50543-HLB
MOTION FOR RECONSIDERATION
9