Lars T. Fuller (No. 141270)
Sam Taherian (No. 170953)
Joyce K. Lau (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT W. PAYNE<br>EILEEN P. TREMAIN<br><br>Debtors | Case No.: 16-50543-HLB<br><br>DEBTORS' OPPOSITION TO CREDITORS' TRUSTEE'S MOTION TO DISMISS AND REQUEST FOR HEARING<br><br>CHAPTER 13 |

COME NOW Debtors Robert W. Payne and Eileen P. Tremain ("Debtors" hereinafter), by and through The Fuller Law Firm, P.C., their attorneys of record, and submit this Opposition to the Motion to Dismiss filed by creditors F. David LaRiviere *et al.*

Furthermore, Debtors pray for a Hearing on the Motion to Dismiss.

The basis for the Opposition is as follows.

### I. FACTUAL AND PROCEDURAL BACKGROUND

When Messrs. Payne and LaRiviere terminated their law partnership LGP LLP, the partnership had interest in a separate entity known as JCLP. JCLP owned a commercial building with substantial equity. Furthermore, LGP LLP had an available line of credit with Rabobank. The

Rabobank promissory note specifically provided that "the termination of (LGP LLP's) existence as a going business" is a default on the promissory note. (Proof of Claim 6-1, Page 5 of 24)

Despite the fact that the promissory note went into default when LGP LLP broke up, Mr. LaRiviere charged some $80,000 on the line of credit, without knowledge or consent of Mr. Payne. Messrs. LaRiviere and Payne are both personal guarantors on this debt.

Sometime after LGP LLP ceased partnership, Mr. LaRiviere, who was managing JCLP and its largest partner, caused the office building to be sold. JCLP owed substantial debts to LGP LLP. Rather than paying off JCLP's debts to LGP LLP, (to which he owed a fiduciary duty) Mr. LaRiviere caused a generous dividend to be paid to the partners of JCLP, including himself.

When Rabobank began collection activity, Mr. Payne filed the instant bankruptcy.

Mr. LaRiviere, on behalf of himself and two entities filed threes Proofs of Claim, including claims for the entire amount of liability of LGP LLP, without any set off whatsoever for Mr. LaRiviere's obligations.

Mr. Payne objected to the Proofs of Claim. Mr. Lariviere objected to the confirmation of the plan, on bad faith grounds.

The matter proceeded to trial. The court found that Debtors' petition was filed in bad faith, but the plan was not. Debtors have moved the court to reconsider its decision. A ruling on the Motion to Reconsider has not yet been made.

Mr. LaRiviere has moved to dismiss on grounds of bad faith, and because Debtors have not filed their tax returns for 2016 with this court.

## II. **LEGAL ARGUMENT**

A. DEBTORS' FAILURE TO FILE 2016 TAX RETURNS HAS BEEN CURED

On January 23, 2018, Debtors filed a copy of their 2016 tax returns. The tax return was entered on the docket as document number 108.

Because the failure to file the tax returns has been cured, and because no creditor has been prejudiced by the delayed filing, this basis for the Motion to Dismiss should be denied.

B. COURTS SHOULD EXERCISE ITS DISCRETION TO REFUSE TO DISMISS A CHAPTER 13 FILING WHERE CREDITORS ACTED IN BAD FAITH

Pending before the Court but not yet addressed is Debtors' Objections to the LaRiviere Group claims. Those objections are germane to the Court's determination of whether to grant dismissal of this Chapter 13 case.

In an analogous section (section 109(g)(2)), courts have held that the court has discretion to refuse to dismiss a Chapter 13 filing despite the apparently mandatory language of the statute and that creditor bad faith may be considered. See, e.g. *In re Richardson*, 217 B.R. 479, 482-483 (M.D. La. 1988) (adopting discretionary approach avoids rewarding creditor's bad faith).

C. THE FINDING OF GOOD FAITH IN THE FILING OF THE PLAN GIVES THE COURT DISCRETION TO DENY THE MOTION TO DISMISS, IRRESPECTIVE OF ITS FINDING REGARDING THE FILING OF THE PETITION.

The Court found that Debtors acted in good faith in the filings of its plan and income/expenses. It has discretion to consider those other actions in determining good faith in the filing of the Petition. *See, e.g., In re Lancaster,* 280 B.R. 468, 474 (Bankr.W.D.Mo.2002) ("The difference between good faith in filing a case and good faith in proposing a plan is relatively

minor, and the evidence on both issues may properly be considered together"); *Eisen v. Curry* (14 F.3d 469 (9th Cir. 1994) (linking good faith in Chapter 13 between petition and payment plan). Thus, the Court has discretion to deny dismissal of these proceedings

D. <u>IN ANY EVENT, THE COURT SHOULD STAY ANY DISMISSAL UNTIL THE MOTION FOR RECONSIDERATION IS HEARD.</u>

On January12, 2018, Debtors filed a Motion for Reconsideration of this court's opinion. A hearing on this motion is set for March 3, 2018. Debtors ask that the court delay dismissal of this case until the Motion for Reconsideration and its arguments are heard.

Dated: January 30, 2018                             Respectfully submitted,

                                                    THE FULLER LAW FIRM, P.C.


                                                    By: /s/ *Sam Taherian*
                                                           Sam Taherian, Esq.
                                                           Attorney for Debtors